**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2167-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDRE NANCE, a/k/a PERNELL
L. DARBY, MARK DAVIS,
KNOTT KNOTT, ALVIN MANCE,
SHAUNDY MYRICK, GHENARDI
NANCE, KEVIN NANCE, ANDRE
A. STARKS, ASMAR STARKS,
NATHAN L. THOMAS, and
SHUNDY MYRICK,

     Defendant-Appellant.

_____

     Submitted May 17, 2021 – Decided June 22, 2021

     Before Judges Sabatino and DeAlmeida.

     On appeal from the Superior Court of New Jersey, Law
     Division, Union County, Indictment No. 10-02-0206.

     Joseph E. Krakora, Public Defender, attorney for
     appellant (David A. Gies, Designated Counsel, on the
     briefs).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Andre Nance appeals from the October 21, 2019 order of the Law Division denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

I.

The following facts are derived from the record. A jury convicted defendant of first-degree robbery, N.J.S.A. 2C:15-1, and fourth-degree possession of an imitation firearm for an unlawful purpose, N.J.S.A. 2C:39-4(e). The trial court, pursuant to N.J.S.A. 2C:43-7.1(b), imposed on defendant, as a persistent offender, a mandatory extended term of sixty years of imprisonment, subject to a period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

We affirmed defendant's conviction and sentence. State v. Nance, No. A-1911-12 (App. Div. Oct. 30, 2015). The Supreme Court denied certification. State v. Nance, 224 N.J. 246 (2016).

On April 18, 2016, defendant filed a PCR petition in the Law Division, alleging he was denied effective assistance of trial counsel during plea

negotiations. According to defendant, his counsel failed to advise him that he could be sentenced to a mandatory extended term of imprisonment as a persistent offender and, as a result of that incorrect advice, he rejected favorable plea offers he otherwise would have accepted. The trial court rejected defendant's claims without holding an evidentiary hearing.

On appeal, we reversed. Having concluded that defendant made a prima facie showing of ineffective assistance of counsel, we remanded for an evidentiary hearing. State v. Nance, No. A-3601-16 (App. Div. Jan. 4, 2019).[1]

On remand, the trial court held an evidentiary hearing at which defendant and his trial counsel testified. On October 21, 2019, Judge Lara K. DiFabrizio issued a written opinion concluding that defendant did not establish an entitlement to PCR. The judge found that trial counsel failed to give defendant clear advice regarding his sentencing exposure during plea negotiations. The court concluded, however, that defendant did not prove he was harmed as a result of having relied on that advice.

The distinction between two provisions of N.J.S.A. 2C:43-7.1 is key to the trial court's analysis. Under N.J.S.A. 2C:43-7.1(a), commonly known as the

---

[1] Defendant also alleged he was entitled to PCR because of various instances of prosecutorial misconduct during his trial. The trial court found those claims to be barred by Rule 3:22-5. We affirmed that aspect of the trial court's decision.

"three strikes" statute, a defendant who has previously been convicted of two enumerated first-degree offenses is subject to a mandatory term of life imprisonment without parole upon conviction of first-degree robbery. Under N.J.S.A. 2C:43-7.1(b), commonly known as the "persistent offender" statute, a defendant who has been convicted of two enumerated first- or second-degree offenses is subject to a mandatory extended term of imprisonment of twenty years to life, subject to a mandatory period of parole ineligibility under NERA, if convicted of first-degree robbery.

The court found that defendant did not have two prior first-degree convictions and was not, therefore, subject to a mandatory life sentence without parole under the "three-strikes" statute if convicted of first-degree robbery. The court also found that defendant had two prior convictions that made him eligible for a mandatory extended term of imprisonment under the "persistent offender" statute if convicted of first-degree robbery. The trial court found that defendant's trial counsel was under the mistaken impression that defendant was eligible for a mandatory life sentence under the "three-strikes" statute.

The trial court found that the State offered to recommend a sentence of eighteen years of imprisonment, subject to a period of parole ineligibility under NERA, in exchange for defendant's guilty plea to first-degree robbery. As the

4

trial date approached, the State verbally offered to recommend a sentence of fourteen years of imprisonment, subject to NERA, in exchange for defendant's guilty plea to first-degree robbery. The court concluded these offers were favorable to defendant.

The court also found that after receiving the plea offers, trial counsel inaccurately advised defendant that he was eligible for a mandatory life term without parole under the "three strikes" statute. In addition, an undated pretrial memorandum inaccurately stated, in pertinent part, that defendant qualified for "three strikes-life without parole" and ambiguously stated that his maximum sentence if convicted could be "67y -> to life under 3 strike." The significance of these errors is clouded by defendant's admission that he was aware he was not subject to a mandatory life term under the "three strikes" statute because he knew he did not have two prior first-degree convictions. He testified that he ignored the sentencing statements in the pretrial memorandum because he knew they did not apply to him.

The trial court did not resolve the question of whether trial counsel advised defendant that he was subject to a mandatory extended term as a persistent offender. Defendant testified that his counsel failed to provide that advice. Counsel testified that he did. The court concluded that regardless of

5

whether counsel advised defendant that he was subject to a mandatory extended term under the "persistent offender" statute, the inaccuracies in counsel's advice and the inaccurate and ambiguous statements in the pretrial memorandum "provide an ample basis to conclude that [defendant] did know with reasonable exactitude his potential sentence exposure" when he rejected the plea offers.

The court found, however, that defendant "has not offered any evidence beyond his bare conclusory assertion that he would have pled guilty had he known he was eligible for mandatory extended term sentencing." The court found that defendant maintained his innocence from the pretrial phase or the original proceeding through the present. In addition, during the evidentiary hearing on the PCR petition defendant testified that he "would have plead guilty even though [he] was innocent" had he known of his sentencing exposure.

The court found that neither the original trial court nor trial counsel would have allowed defendant to plead guilty while maintaining his innocence. In addition, the court concluded defendant would be "legally disabled" from entering a guilty plea because he could not falsely admit to a crime he did not commit. Thus, the court concluded, the record demonstrated that regardless of the advice defendant received regarding sentencing, he would have gone to trial,

6

been convicted, and sentenced to an extended term as a persistent offender. An October 21, 2019 order denies defendant's PCR petition.

This appeal followed. Defendant makes the following argument.

> THE PCR JUDGE ERRED WHERE SHE FOUND THAT DEFENDANT WAS NOT PREJUDICED UNDER THE SECOND PRONG OF THE STRICKLAND/FRITZ TEST BECAUSE HE CONTINUED TO CLAIM THAT HE WAS "INNOCENT" OF FIRST[-]DEGREE ROBBERY.

## II.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, 466 U.S. at 686, and adopted by our Supreme Court in Fritz, 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

7

A defendant also must show that counsel's "deficient performance prejudiced the defense." Id. at 687. The defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Ibid.

The right to the effective assistance of counsel extends to legal assistance related to the entry of a guilty plea. State v. Gaitan, 209 N.J. 339, 350-51 (2012). To set aside a guilty plea based on ineffective assistance of counsel, the "defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and, (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

As an overarching principle, we must bear in mind the substantial deference we owe to the trial court's factual findings and witness credibility assessments from the evidentiary hearing. "In reviewing a PCR court's factual findings based on live testimony, an appellate court applies a deferential

standard; it 'will uphold the PCR court's findings that are supported by sufficient credible evidence in the record.'" State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Nash, 212 N.J. 518, 540 (2013)). The PCR judge had the direct opportunity to gauge the honesty and probative force of the testimony of the witnesses. That said, we recognize that questions of law call for our de novo review. Id. at 577.

Having carefully reviewed the record in light of these legal principles, we affirm the October 21, 2019 order substantially for the reasons stated in Judge DiFabrizio's written opinion. The record amply supports the judge's conclusion that as a result of incorrect advice from his counsel and ambiguities in the pretrial memorandum, defendant was not informed with reasonable exactitude of his potential sentencing exposure when considering the State's favorable plea offers.

Nonetheless, the record also supports Judge DiFabrizio's conclusion that defendant did not prove that the outcome of the original proceedings would have been different had he been provided with accurate advice from trial counsel. "Our court rules and case law require a factual basis for a plea of guilty, that is, a truthful account of what actually occurred to justify the acceptance of a plea." State v. Taccetta, 200 N.J. 183, 198 (2009). The requirement that a defendant

provide a comprehensive fac[...] guilty plea, <u>State v. Belton</u>, 452 N.J. Super. 528, 537 (App. Div[...] that a defendant does not "enter a plea of guilty to a crime he did not commit to insulate himself from a potentially greater sentence if found guilty by a jury." <u>State v. Urbina</u>, 221 N.J. 509, 527 (2015) (quoting <u>Taccetta</u>, 200 N.J. at 198).

As Judge DiFabrizio found, the record conclusively demonstrates that defendant has maintained his innocence from the initial phases of the original trial court proceedings to the present. He testified at the PCR evidentiary hearing that had he been correctly advised of his sentencing exposure he would have entered a guilty plea even though he was innocent of first-degree robbery. "Even if a defendant wished to plead guilty to a crime he or she did not commit, he or she may not do so. No court may accept such a plea." <u>Taccetta</u>, 200 N.J. at 196 (quoting <u>State v. Smullen</u>, 118 N.J. 408. 415 (1990)). Unable to prove that he suffered harm as a result of his trial counsel's advice, defendant is not entitled to PCR relief.

We have considered defendant's remaining arguments and conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2167-19